1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT N. JOHNSON,

11          Plaintiff,              No. CIV S-06-0344 GEB GGH

12     vs.

13   MARIE ELAYNE CALAGNA,          FINDINGS & RECOMMENDATIONS
     Individually and as Trustee of the
14   Calagna Survivor's Trust, et al.

15          Defendants.
     _____/
16

17          Plaintiff's motion for entry of default judgment against Defendant Marie Elayne

18   Calagna, filed July 28, 2006, was submitted on the record; the hearing scheduled for September

19   21, 2006, was vacated.  E. D. Cal. L. R. 78-230(h).  Upon review of the motion and supporting

20   documents, and good cause appearing, the court issues the following findings and

21   recommendations.

22   BACKGROUND

23          On February 17, 2006, plaintiff filed the underlying complaint in this action

24   against defendant Marie Elayne Calagna, Individually and as Trustee of the Calagna Survivor's

25   Trust, which owns the property operated as "Lorees' Little Shack on Greenback" at 6901

26   Greenback Lane, Citrus Heights, California.  See Complaint, at pp. 2-3; Grant Deed, attached as

1   exhibit to Motion for Default Judgment.  Plaintiff alleges he attempted to patronize the restaurant

2   on September 28, 2004, but "did not stay" because he "was unable to park (safely)."  Complaint,

3   at p. 3.  He asserts the parking lot lacks a properly configured van accessible disabled parking

4   space in violation of the Americans With Disabilities Act and state law.  Id.  The summons and

5   complaint were personally served on an adult male residing at defendant's residence, on April 3,

6   2006.[1]  Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d

7   1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant has

8   failed to file an answer or otherwise appear in this action.  On June 9, 2005, the clerk entered

9   default against defendant Marie Elayne Calagna.

10          Notice of entry of default and the instant motion for default judgment and

11   supporting papers were not served on defendant.  If default judgment is sought against a party

12   who has appeared in the action, the party must be served with written notice of the application

13   for judgment at least three days prior to the hearing.  Fed. R. Civ. P. 55(b)(2).  As defendant

14   never appeared in the action, there was no requirement that she be given notice of plaintiff's

15   motion for default judgment.  See LG Electronics, Inc. v. Advance Creative Computer Corp., 212

16   F. Supp. 2d 1171, 1174 (N.D. Cal., 2002).  Plaintiff seeks an entry of default judgment in the

17   amount of $8,000 pursuant to California Civil Code section 52(a).[2]

18   / / / / /

19   / / / / /

20

21          [1]  As there is no proof of service upon any other person, it is presumed that plaintiff,
    pursuant to his motion for default judgment, is dismissing Does 1 through 10.  Otherwise, an
22   interlocutory partial judgment against only Marie Elayne Calagna would be improper.

23          [2]  Cal.Civil Code § 52(a) provides: "Whoever denies, aids or incites a denial, or makes
    any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every
24   offense for the actual damages, and any amount that may be determined by a jury, or a court
    sitting without a jury, up to a maximum of three times the amount of actual damage but in no
25   case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by
    the court in addition thereto, suffered by any person denied the rights provided in Section 51,
26   51.5, or 51.6."

1    DISCUSSION

2           Entry of default effects an admission of all well-pleaded allegations of the

3    complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

4    1977).  The court finds the well pleaded allegations of the complaint state a claim for which

5    relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The

6    memorandum of points and authorities and affidavits filed in support of the motion for entry of

7    default judgment also support the finding that plaintiff is entitled to the relief requested.  There

8    are no policy considerations which preclude the entry of default judgment of the type requested.

9    See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

10          In view of the foregoing findings, it is the recommendation of this court that:

11          1.  Plaintiffs' motion for entry of default judgment be GRANTED as to Marie

12   Elayne Calagna, Individually and as Trustee of the Calagna Survivor's Trust.  Judgment should

13   be rendered in the amount of $4,000.[3]

14          2.  Defendants Does 1 through 10 be dismissed from this action.

15          These findings and recommendations are submitted to the Honorable Garland E.

16   Burrell, Jr., United States District Judge, pursuant to the provisions of Title 28 U.S.C. §

17   636(b)(l).  Within ten days after being served with these findings and recommendations, any

18   party may file written objections with the court and serve a copy on all parties.  Such a document

19   should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any

20   reply to the objections shall be served and filed within ten days after service of the objections.

21   \\\\\

22   \\\\\

23

24          [3]  While plaintiff seeks $4000 for each actual visit to the restaurant and each foregone
     visit (see Motion for Default Judgment, at p. 3, and Complaint, at p. 18), he has pled only that he
25   visited the restaurant parking lot one time, on September 28, 2004 (Complaint, at p. 3); plaintiff's
     general statement he "would like to be able to return" is inadequate to demonstrate a foregone
26   visit.

1   The parties are advised that failure to file objections within the specified time may waive the

2   right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: 9/13/06

4                                                      /s/ Gregory G. Hollows

5                                                      _____
                                                       GREGORY G. HOLLOWS
6                                                      UNITED STATES MAGISTRATE JUDGE

7   NOW6:Johnson0344.def.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26