IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                                 2:06-cv-0344-GEB-GGH

     vs.

MARIE ELAYNE CALAGNA, et al.,

      Defendants.                      <u>ORDER</u>

_____/

        On September 14, 2006, the magistrate judge filed findings and recommendations ("F&Rs") that recommend granting default judgment against Defendant Marie Elayne Calagna, individually and as trustee for the Calagna Survivor's Trust in the amount of $4,000. The F&Rs issued following Plaintiff's motion for default judgment, filed July 28, 2006, in which he requested that "[t]he Court grant[] judgment in Plaintiff's favor and against Marie Elayne Calagna for damages, pursuant to the California Civil Code Section 52(a) in the amount of $8,000." (Mot. for Default J. at 3.) The magistrate judge stated, however: "While plaintiff seeks $4000 for each actual visit to the restaurant and each foregone visit (see Motion for Default Judgment, at p. 3, and Complaint, at p. 18), he has pled only that he visited the restaurant parking lot one time, on September 28, 2004 (Complaint, at p. 3); plaintiff's general statement he "would like to be able to return" is inadequate to demonstrate a foregone visit." (F&Rs at 3 n.3.)

1

1  Since Plaintiff's motion for default judgment only seeks damages under California
2  law, it will be decided whether exercising supplemental jurisdiction over Plaintiff's state law
3  claims is appropriate in this case.
4  Federal question jurisdiction exists in this action under the Americans with
5  Disabilities Act ("ADA") and supplemental jurisdiction is exercised over Plaintiff's state law
6  claims under 28 U.S.C. § 1367(a). Only injunctive relief may be sought under the ADA.
7  Plaintiff's default judgment motion demonstrates he has abandoned his ADA injunctive relief
8  claims, and that a state law claim for damages is the only claim at issue.
9  The "issue [of] whether . . . [supplemental] jurisdiction has been properly
10 assumed is one which remains open throughout the litigation." United Mine Workers of
11 America v. Gibbs, 383 U.S. 715, 727 (1966). Once the "nature of [a plaintiff's] proofs and the
12 relative importance of [a plaintiff's] claims" becomes apparent, the federal court need not
13 "tolerate a litigant's effort to impose upon it what is in effect only a state law case." Id. Thus,
14 "[o]nce it appears that a state claim constitutes the real body of a case, to which the federal claim
15 is only an appendage, the state claim may fairly be dismissed." Id.; see also Borough of West
16 Mifflin v. Lancaster, 45 F.3d 780, 789 (3rd Cir. 1995) ("Given the origin of the 'substantially
17 predominate' standard, a district court's analysis under § 1367(c)(2) should track the Supreme
18 Court's explication of that standard in Gibbs."). "While discretion to decline to exercise
19 supplemental jurisdiction over state law claims is triggered by the presence of one of the
20 conditions in § 1367(c), it is informed by the Gibbs values of economy, convenience, fairness,
21 and comity." ACRI v. Varian Assoc., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (internal
22 quotation omitted).
23 The values of fairness and comity strongly favor dismissing the state claims, since
24 it is evident the real body of Plaintiff's case is an action for damages under state law and the
25 ADA federal claims are "only an appendage" to the state damage claims. Plaintiff seeks $8,000
26 in damages under state law, but does not seek injunctive relief, which makes it apparent that

1  damages are the essence of Plaintiff's claim, and that he should have litigated this claim in state
2  court rather than federal court.  The ADA is designed to remove barriers; it does not award
3  damages.  Where, as here, the federal ADA claims appear wholly insubstantial and were brought
4  solely to gain access to federal court, the exercise of supplemental jurisdiction should be declined
5  and "the state claim[s] may fairly be dismissed."  Gibbs, 383 U.S. at 727.  Further, as the United
6  States Supreme Court has stated: "Needless decisions of state law should be avoided as a matter
7  of comity."  Id. at 726.   Therefore, the fairness and comity values predominate and result in the
8  values pointing toward declining exercise of supplemental jurisdiction.
9  Since the real body of Plaintiff's case is a claim for damages under state law,
10 Plaintiff's state law claims are dismissed under 28 U.S.C. §§ 1367 (c)(2) and (3).  Further, this
11 federal action is dismissed since Plaintiff abandoned his ADA claims.
12 IT IS SO ORDERED.

Dated:   November 15, 2006

GARLAND E. BURRELL, JR.
United States District Judge